```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE EASTERN DISTRICT OF PENNSYLVANIA


ESSENCE ALLEN-WRIGHT,              :
                                   :
               Plaintiff,          :     CIVIL ACTION
                                   :
     vs.                           :     No. 07-cv-4087
                                   :
ALLSTATE INSURANCE CO.,            :
                                   :
               Defendant.          :
```

## MEMORANDUM AND ORDER

**Joyner, J.**                                        **May 5, 2009**

     Before this Court is Defendant's Motion for Summary Judgment (Doc. No. 30), Plaintiff's Response in Opposition asking for Remand to the State Court and, in the alternative, for Leave to Brief the Issue Raised as to the UTPCL Count (Doc. No. 42), Defendant's Response to Plaintiff's Suggestion that Subject Matter Jurisdiction is Lacking (Doc. No. 47), Plaintiff's Memorandum of Law in Support of Request for Remand for Lack of Subject Matter Jurisdiction (Doc. No. 49), and Defendant's Response to Plaintiff's Motion to Remand (Doc. No. 51).  For the reasons contained in the following memorandum, we DENY plaintiff's request for remand.

## Background

     Plaintiff Essence Allen-Wright filed the instant action on behalf of herself and other similarly situated proposed class

members in state court on September 6, 2007. The action was then removed to this Court on September 28, 2007, by the defendant, pursuant to the jurisdictional grant of the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d)(2). Plaintiff did not move for remand at that time. Therefore, this Court had jurisdiction over the action pursuant solely to the diversity jurisdiction of CAFA.[1] Plaintiff subsequently moved for class certification on October 8, 2008, but this Court denied certification on December 19, 2008, finding that the plaintiff had failed to establish commonality, typicality, predominance and superiority. Thus, at this time, the only remaining claim is plaintiff's individual claim against defendant for underpayment of policy benefits for general contractor's overhead and profit. On October 20, 2008, defendant moved for summary judgment and plaintiff responded, asking this Court to *sua sponte* remand the action to state court pursuant to 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction.[2] In addition, plaintiff submitted an affidavit attesting that she did not seek damages greater than

---

[1] At the time of removal, this Court had jurisdiction over the action under CAFA and stated this basis for jurisdiction in its decision regarding class action certification (Doc. No. 41). While defendant contends that this Court maintains jurisdiction over the action pursuant to CAFA, it also claims that diversity jurisdiction exists pursuant to 28 U.S.C. § 1332(b), based on the geographic diversity of parties and the possible amount in controversy; however, plaintiff disputes that the amount in controversy rises to the requisite $75,000. Due to our conclusion in this matter, we do not reach the question of whether the amount in controversy requirement has been met for non-CAFA diversity jurisdiction.

[2] As Plaintiff has formally "asked" this Court to remand the case to state court and the parties have had an opportunity to fully brief the issue, we will treat her response to the motion for summary judgment as a motion for remand.

$75,000.[3]  Plaintiff and defendant were then given leave to fully brief the issue of this Court's subject matter jurisdiction following the denial of class action certification.

## Discussion

### I. Subject Matter Jurisdiction

The central issue in this matter is whether, in an action removed pursuant to the jurisdictional grant of CAFA, the denial of class certification deprives a federal court of subject matter jurisdiction.  CAFA, itself, does not specifically address this question.  Plaintiff argues that following the denial of class action certification, jurisdiction no longer exists under CAFA and, thus, the federal court has no jurisdiction over the action.  However, defendant argues that this Court retains jurisdiction post-denial, as jurisdiction was established at the time of removal and is not lost subsequent to class action denial.  In exhaustively reviewing the case law on this issue, it does not appear that any federal court in the Third Circuit has squarely addressed it and the Eleventh Circuit is the only circuit court to have touched on the issue.[4]  District courts nationwide are

---

[3] Plaintiff also averred that she "allege[s] underpayment of contractor's overhead and profit benefits under my homeowner's policy with Allstate Property and Casualty Insurance Company in the amount of $1,685.55."  Pl. Affidavit.

[4] The Eleventh Circuit briefly mentions the possibility of non-certification of a class action and its impact on jurisdiction within a parenthetical within a footnote in a recent opinion.  See Vega v. T-Mobile USA, Inc., 2009 U.S. App. LEXIS 7682, 2009 WL 910411, at *25-26 n. 12 (11th Cir. Apr. 7, 2009).

divided as to the outcome.[5]

---

[5]*Compare* Jin v. Ben Bridge-Jeweler, Inc., No. 07-1587, 2009 U.S. Dist. LEXIS 30514, 2009 WL 981600, at *1 (E.D. Ca. April 9, 2009) (stating that after class certification denial, CAFA is no longer a basis for jurisdiction); Salazar v. Avis Budget Group, Inc., No. 07-0064, 2008 U.S. Dist. LEXIS 94610, 2008 WL 5054108, at *14-15 (S.D. Cal. Nov. 20, 2008) (holding that, due to the class action certification denial, the court, in effect, never had jurisdiction over the action); Ronat v. Martha Stewart Living Omnimedia, No. 05-520, 2008 U.S. Dist. LEXIS 91814, 2008 WL 4963214, at *22-23 (S.D. Ill. Nov. 12, 2008) (holding that after a class certification denial, CAFA no longer provides a basis for jurisdiction because of language in 28 U.S.C. § 1332(d)(8)); Jones v. Jeld-Wen, Inc., No. 07-22328, 2008 U.S. Dist. LEXIS 85145, 2008 WL 4541016, at *10-11 (S.D. Fl. Oct. 2, 2008) (holding that class certification is not a jurisdictional fact and, hence, the denial of certification led to a lack of jurisdiction); Clausnitzer v. Federal Express Corp., No. 06-21457, 2008 U.S. Dist. LEXIS 76941, 2008 WL 4194837, at *11-13 (S.D. Fl. June 18, 2008) (holding that class certification is not a jurisdictional fact because it is a legal conclusion and, therefore, finding that jurisdiction does not exist after denial); Hoffer v. Cooper Wiring Devices, Inc., No. 06-763, 2007 U.S. Dist. LEXIS 75806, 2007 WL 2891401, at *3-5 (N.D. Ohio Sept. 28, 2007) (dismissing for lack of jurisdiction following denial of certification and citing to Falcon, but limiting the holding to the specific facts of the case); Arabian v. Sony Electronics, Inc., No. 05-1741, 2007 U.S. Dist. LEXIS 67769, 2007 WL 2701340, at *13-14 (S.D. Cal. Sept. 13, 2007) (remanding the case and finding that there is not and never was jurisdiction in federal court); Giovanniello v. The New York Law Publishing Co., No. 07-1990, 2007 U.S. Dist. LEXIS 56694, 2007 WL 2244321, at *11-13 (S.D.N.Y. Aug. 6, 2007) (rejecting the conclusion of Genebacher v. Cetruytel Fiber Co. and dismissing the case because of the language in Fed.R.Civ.P. 12(h)(3)); Falcon v. Philips Electronics N.A. Corp., No. 06-6090, 489 F.Supp. 2d 367, 368 (S.D.N.Y. 2007) (disagreeing with McGaughey's broad holding, but finding that jurisdiction is lacking after denial of certification if there is no reasonably foreseeable possibility of future certification); McGaughey v. Trestman, No. 05-7069, 2007 U.S. Dist. LEXIS 126, 2007 WL 249935, at *10-11 (S.D.N.Y. Jan. 2, 2007) (holding broadly that, as class certification was denied, subject matter jurisdiction no longer exists) *with* Vega v. T-Mobile USA, Inc., 2009 U.S. App. LEXIS 7682, at *25-26 n. 12 (11th Cir. Apr. 7, 2009) (suggesting that non-certification is a post-removal event that does not deprive the federal court of subject matter jurisdiction); In re HP Inkjet Printer Litig., No. 05-3580, 2009 U.S. Dist. LEXIS 12271, 2009 WL 282051, at *4-7 (N.D. Cal. Feb. 5, 2009) (analyzing the past case law and holding that denial of class certification is a post-removal event that does not deprive the federal court of jurisdiction); Kitts v. Citgo Petroleum Corp., No. 07-1151, 2009 U.S. Dist. LEXIS 8098, 2009 WL 192550, at *11-14 (W.D. La. Jan. 23, 2009) (finding that post-removal denial of certification does not divest the federal court of jurisdiction because jurisdiction is assessed at removal and efforts by plaintiffs to remand amounted to forum-shopping); Colomar v. Mercy Hospital, Inc., No. 05-22409, 2007 U.S. Dist. LEXIS 52659, 2007 WL 2083562, at *7-10 (S.D. Fl. July 20, 2007) (holding that subsequent developments post-removal, including denial of certification, do not divest the federal court of subject matter jurisdiction); Giannini v. Schering-Plough Corp., No. 06-06823, 2007 U.S. Dist. LEXIS 48392, 2007 WL 1839789, at *7-8 (N.D. Cal. June 26, 2007) (holding that jurisdiction was not necessarily divested upon post-removal action and that supplemental jurisdiction provided the basis for retaining subject matter jurisdiction of the claim at hand); Garcia v. Boyar & Miller, P.C., No. 06-1936, 2007 U.S. Dist. LEXIS 39072, 2007 WL 1556961, at *9-12 (N.D. Tex. May 30, 2007) (reviewing past cases and holding that the class action definition does not include certification and, thus, subject

Thus, we will conduct a review of this case law in deciding whether the instant action should be dismissed for lack of subject matter jurisdiction.

As plaintiff contends, multiple district courts have ruled that subject matter jurisdiction no longer exists following denial of class certification.[6]  Courts deciding as such have generally held that, pursuant to the text of Fed.R.Civ.P. 12(h)(3),[7] they no longer have the subject matter jurisdiction granted exclusively to class actions under CAFA and can no longer retain the case.  See Giovanniello v. The New York Law Publishing Co., No. 07-1990, 2007 U.S. Dist. LEXIS 56694, 2007 WL 2244321, at *11-13 (S.D.N.Y. Aug. 6, 2007) (rejecting the conclusion of Genebacher v. Cetruytel Fiber Co. by arguing that the court in Genebacher ignored the language of Fed.R.Civ.P. 12(h)(3)).  In a slightly different textualist approach, the court in Ronat v. Martha Stewart Living Omnimedia, No. 05-520, 2008 U.S. Dist.

---

matter jurisdiction is not divested upon denial of class certification); Genebacher v. Centurytel Fiber Co., No. 06-3064, 500 F. Supp. 2d 1014, 1017 (C.D. Ill. 2007) (disagreeing with the court in McGaughey and finding that the court must look at jurisdiction at the time of removal and, as such, the federal court does not lose jurisdiction upon denial of certification); Davis v. Homecomings Fin., No. 05-1466, 2006 U.S. Dist. LEXIS 77381, 2006 WL 2927701, at *12-13 (W.D. Wash. Oct. 10, 2006) (finding that diversity is determined at the time of removal and that denial of class certification, like a drop below the minimum amount in controversy, will not divest the federal court of jurisdiction).

[6] In analyzing the reasoning in each of these cases, we must note that the procedural posture of many of them is somewhat distinct from the instant action, in that the plaintiffs in Ronat, Clausnitzer, Falcon, Hoffer, Arabian, Giovanniello and McGaughey had originally filed their actions in federal court.  Thus, the federal courts dismissed the actions for lack of jurisdiction and, therefore, did not have cause to discuss the unique remand issues such as forum-shopping and appellate consequences.

[7] "If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action."  Fed.R.Civ.P. 12(h)(3).

LEXIS 91814, 2008 WL 4963214, at *22-23 (S.D. Ill. Nov. 12, 2008), looked to a provision within CAFA, 28 U.S.C. § 1332(d)(8), which states that CAFA "shall apply to any class action before or after the entry of a class certification order by the court with respect to the action" and reasoned that, by negative implication, where there is no class action order, the court is divested of jurisdiction.  Interestingly, other courts have held the inverse: that this provision of CAFA weighs in favor of retaining the case because the provision did not require an order for CAFA to apply.  In re Welding Fume Prods. Liab. Litig., 245 F.R.D. 279, 316-317 (N.D. Ohio 2007); Garcia v. Boyar & Miller, P.C., No. 06-1936, 2007 U.S. Dist. LEXIS 39072, 2007 WL 1556961, at *17-18 (N.D. Tex. May 30, 2007).

Other courts denying jurisdiction have taken a fact-specific approach, ruling that class certification is not a prerequisite to subject matter jurisdiction, but that when class certification is denied and there is no "reasonably foreseeable possibility of subsequent class certification," the court loses subject matter jurisdiction.  Falcon v. Philips Electronics N.A. Corp., No. 06-6090, 489 F.Supp. 2d 367, 368 (S.D.N.Y. 2007).  See also Claustnizer, 2008 U.S. Dist. LEXIS 76941, at *13; Arabian v. Sony Electronics, Inc., No. 05-1741, 2007 U.S. Dist. LEXIS 67769, 2007 WL 2701340, at *12-13 (S.D. Cal. Sept. 13, 2007).  Linked to this reasoning, the court in Arabian concluded that without class action certification, then "there is not – and never was –

diversity jurisdiction." 2007 U.S. Dist. LEXIS 67769, at *15. This conclusion has become the prevalent holding among those court denying jurisdiction. In reaching this conclusion, they generally reason that the denial of class certification is not a change in a jurisdictional fact, like citizenship or the amount in controversy, but a legal conclusion alleged in the complaint and decided by the court that means that jurisdiction never properly existed. Id.; Jones v. Jeld-Wen, Inc., 2008 U.S. Dist. LEXIS 85145, 2008 WL 4541016, at *11 (S.D. Fl. October 2, 2008); Clausnitzer, 2008 U.S. Dist. LEXIS 76941, at *11-12; Salazar v. Avis Budget Group, Inc., No. 07-0064, 2008 U.S. Dist. LEXIS 94610, 2008 WL 5054108, at *14-15 (S.D. Cal. Nov. 20, 2008). Plaintiff urges this Court to accept this reasoning.[8]

However, both the statutory language of CAFA and well-settled law regarding removal actions weigh in favor of retaining jurisdiction in the matter. As is required, we first look to the text of the statute in examining the issue. See Riegel v. Medtronic, Inc., 128 S. Ct. 999, 1008-09, 169 L. Ed. 2d 892 (2008); Exxon Mobil Corp. v. Allapatah Servs., Inc., 545 U.S, 546, 568, 125 S. Ct. 2611, 162 L. Ed. 2d 502 (2005). The jurisdictional grant in CAFA provides, "[t]he district courts

---

[8] In a separate line of reasoning, plaintiff also argues that Powerex Corp. v. Reliant Energy Servs., Inc., 551 U.S. 224, 127 S. Ct. 2411, 2421 (2007), provides support for its position that this post-removal event would deprive the federal court of jurisdiction. However, the Supreme Court's holding in Powerex was explicitly narrow, ruling that "§ 1447(d) bars appellate consideration of petitioner's claim that it is a foreign state for purposes of FSIA[,]" and we decline to extend it here.

shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant . . . ."  28 U.S.C. § 1332(d)(2)(A).[9]  CAFA goes on to define a "class action" as "any civil action *filed* under rule 23 of the Federal Rules of Civil Procedure or similar State stature or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action."  28 U.S.C. § 1332(d)(1)(B) (emphasis added).  Looking at the plain language of the words, an action in which class certification is later denied would still be defined as a "class action" because it was filed as such.  Garcia, 2007 U.S. Dist. LEXIS 39072, at *18-19.  In this definition, the statute appears to recognize that not every action filed as a class action will meet the criteria set out for certification, but does not then hinge jurisdiction upon the certification of the class, but only upon the filing of a class action.[10]  We

---

[9] Additionally, 28 U.S.C. § 1332(d)(5)(B) provides that the provision shall not apply if the aggregate number of proposed class members is less than 100.

[10] While the plain language defining class action within CAFA does not require this Court to examine the legislative history, we do acknowledge the Senate Report, quoted by the courts in In re HP Inkjet Printer, 2009 U.S. Dist. LEXIS 12271, at *4-5; Davis, 2006 U.S. Dist. LEXIS 77381, at *2, and Colomar, 2007 U.S. Dist LEXIS 52659, at *8-9,
> While questions regarding events occurring after a complaint is filed or removed to federal court will, of course, arise under [CAFA], those same (or at least very similar) questions arise in current practice on jurisdictional issues.  Well-established law exists to resolve those questions, and [CAFA] does not change - or even complicate-the answers to these questions . . . .  Current law (that S.5 does not alter), is also clear that, once

find this analysis persuasive, as this Court had "original jurisdiction" over the action when it was removed because it was "filed" as a class action.[11]

Coupled with this plain language of the statute, this Court looks to the well-settled law articulated by the Supreme Court in St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 58 S. Ct. 586, 82 L. Ed. 845 (1938), that "events occurring subsequent to the removal which reduce the amount recoverable, whether beyond the plaintiff's control or the result of his volition, do not oust the district court's jurisdiction once it has been attached." In re HP Inkjet, 2009 U.S. Dist. LEXIS 12271, at *4;

---

a complaint is properly removed to federal court, the federal court's jurisdiction cannot be ousted by later events . . . . If a federal court's jurisdiction could be ousted by events occurring after a case was removed, plaintiffs who believe the tide was turning against them could simply always amend their complaint months (or even years) into the litigation to require remand to state court . . . . [I]f subsequent events could unravel a federal court's jurisdiction, a defendant could prevail on the merits, only to have the federal court conclude that it lacks jurisdiction to enter judgment.

(quoting S. Rep. 109-14, 109th Cong., 1st Sess. 2005, *reprinted in* 2005 U.S.C.CA.N. 3, *70-71, *66-67).  In conjuncture to this commentary, we "presume that Congress is aware of the legal context in which it is legislating." Davis, 2006 U.S. Dist LEXIS 77381, at *13 (quoting Abrego v. Dow Chem Co., 443 F.3d 676, 683-84 (9th Cir. 2006) (internal citations omitted)).  This Report adds credence to the argument that denial does not oust the case from federal jurisdiction.

[11]We acknowledge, as plaintiff contends, that the jurisdiction statute also speaks of "any member of a class" and courts denying jurisdiction have stated that "Congress could not have intended these to be "facts" necessary to establish jurisdiction, because they would not be facts at the time the case began in federal court."  Clausnitzer, 2008 U.S. Dist. LEXIS 76941, at *11-12.  However, we will presume Congress's intent in drafting the statute, but, in this instance, look only to the statute itself.  See Riegel v. Medtronic, Inc., 128 S. Ct. 999, 1009, 169 L. Ed. 2d 892 (2008) ("It is not our job to speculate upon congressional motives.").

Colomar, 2007 U.S. Dist. LEXIS 52659, at *8; Garcia, 2007 U.S. Dist. LEXIS 39072, at *7; Genebacher, 500 F. Supp. 2d 1014, 1017. Similarly, the Third Circuit has clearly held that "the nature of the plaintiff's claim must be evaluated, and the propriety of remand decided, on the basis of the record as it stands at the time the petition for removal is filed." Westmoreland Hospital Association v. BlueCross of Western Pennsylvania, 605 F.2d 119, 123 (3d Cir. 1979). In maintaining this standard, "[c]ase developments subsequent to removal do not generally alter the jurisdiction under CAFA." Anthony v. Small Tube Mfg. Corp., 535 F.Supp. 2d 506, 512 (E.D. Pa. 2007) (citing Robinson v. Holiday Universal, Inc., No. 05-5726, 2006 U.S. Dist. LEXIS 7252, 2006 WL 470592, at *3-4 (E.D. Pa. Feb. 23, 2006); Colomar v. Mercy Hospital, Inc., No. 05-22409, 2007 U.S. Dist. LEXIS 52659, 2007 WL 2083562, at *3 (S.D. Fl. July 20, 2007)). We find this reasoning applicable to the instant case where a post-removal denial is a subsequent development. Certainly a denial of class certification is distinct from a change in citizenship or amount in controversy, but with no specific provision contained in the statute, we rely on the common law to assess "developments" post-removal. Jurisdiction attached to this case at its time of removal and, without specific direction from Congress, we cannot find that a change in the circumstances of the action divests this Court of jurisdiction. As the court in Falcon noted, "CAFA does not list class certification as a prerequisite to federal

jurisdiction[;]" thus, we decline to hold that denial immediately triggers the loss of jurisdiction.  489 F. Supp. 2d at 368.  In a recent opinion, the Eleventh Circuit noted in a footnote in reference to class action certification that,

> [T]he plaintiff's failure to make a showing of numerosity with respect to the Florida-only class, which gives rise to the possibility that there are fewer than 100 members of the newly-narrowed Florida-only class, does not divest the federal courts of subject matter jurisdiction under the CAFA. . . . Even if it were later found that the narrowed, Florida-only class numbers fewer than 100, the § 1332(d)(5)(B) limitation applies only to "proposed" plaintiff classes (as opposed to classes actually certified or that go to trial); jurisdictional facts are assessed at the time of removal; and post-removal events (*including non-certification, de-certification, or severance*) do not deprive federal courts of subject matter jurisdiction.

Vega v. T-Mobile USA, Inc., No. 07-13864, 2009 U.S. App. LEXIS 7682, 2009 WL CITE, at *25-26 n.12 (11th Cir. Apr. 7, 2009) (emphasis added) (citing Cooper v. R.J. Reynolds Tobacco Co., 586 F. Supp. 2d 1312, 1318-22 (M.D. Fla. 2008); Bullard v. Burlington N. Santa Fe Ry. Co., 535 F.3d 759, 762 (7th Cir. 2008); S. Rep.

No. 109-14, at 70-71 (2005), as reprinted in 2005 U.S.C.C.A.N. 3, 66)). While the court was not considering the same situation as is currently before us, its commentary suggests that "non-certification" of a class would not deprive the federal court of subject matter jurisdiction.

Finally, we must take into consideration the fact that, as defendant contends, denial of class certification is not a final judgment. Fed.R.Civ.P. 23(c)(1)(C) ("An order that grants or denies class certification may be altered or amended before final judgment."). As the denial of class certification is an interlocutory order, it may be appealed once a final judgment has been entered. Guiterrez v. Johnson & Johnson, 523 F.3d 187, 199 (3d Cir. 2008) (citing Asher v. Baxter Int'l Inc., 505 F.3d 736, 740 (7th Cir. 2007); Jenkins v. BellSouth Corp., 491 F.3d 1288, 1292 (11th Cir. 2007)). Thus, while plaintiff has not filed an interlocutory appeal pursuant to Fed.R.Civ.P. 23(f), the denial could be appealed upon final order of this Court and gives us pause upon considering the procedural repercussions of remanding it to state court. The potential procedural hurdles of appealing a certification upon a final judgment while in state court weigh in favor of retaining the action.

## II. Conclusion

While recognizing that this is a close issue with conflicting rulings, we hold that this court maintains jurisdiction over the present action despite the denial of class

certification.  The textual reading of CAFA and well-settled law lead us to hold that this Court is not divested of subject matter jurisdiction.  While the plaintiff is now only seeking a relatively small amount, we cannot find that remanding the action is within the text of the statute or the common law controlling our decisions regarding post-removal developments.  As plaintiff, in effect, moved for remand in response to defendant's motion for summary judgment, we now grant plaintiff leave to respond substantively to defendant's motion for summary judgment, including, but not limited to a briefing on the UTPCL issues.

An appropriate Order follows.